1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

8   ROBERT ANTHONY HIGH,

9        *Petitioner*,                                   2:11-cv-00891-JCM-LRL

10  vs.

11                                                        ORDER

12  DWIGHT NEVENS, *et al.*,

         *Respondents*.

13

14       This habeas matter under 28 U.S.C. § 2254 comes before the court on petitioner's

15  motion (#2) for appointment of counsel and motion (#1) for stay and abeyance as well as for

16  initial review following payment of the filing fee.

17       On the motion for appointment of counsel, the court finds that the interests of justice

18  warrant the appointment of counsel given the number and complexity of the potential claims

19  and procedural issues; the lengthy sentencing involved, which includes a life sentence with

20  the possibility of parole after twenty years; and the possibility that a significant amount of time

21  may remain in the federal limitation period for the assertion of claims by appointed habeas

22  counsel in an amended petition without relation back concerns.

23       The motion for a stay and abeyance will be denied without prejudice to petitioner

24  seeking appropriate relief through counsel following review of the matter.

25       Nothing herein signifies any implied or tacit holding as to any other issue, including but

26  not limited to, any issues as to a conclusive calculation of the running of the federal limitation

27  period, tolling thereof, procedural default, exhaustion and/or whether an evidentiary hearing

28  is warranted.

1       Petitioner further should note the following, given the procedural history in the state

2   courts.

3       Federal habeas counsel is not being appointed to act as a mere scrivener to restate

4   and reassert each and every allegation and claim presented by petitioner *pro se*.  The court

5   is not appointing counsel to pursue claims or arguments that, in counsel's independent

6   professional judgment, have no arguable merit in a federal habeas corpus proceeding.

7       Petitioner thus should not assume that the court will automatically appoint replacement

8   counsel in the event that petitioner and federal habeas counsel do not agree on what claims

9   or arguments should be presented.  Appointed counsel's task is to pursue claims that

10   counsel, in his or her own independent professional judgment, believes that a court may find

11   meritorious, not to present claims that petitioner, who is not an attorney, believes to be

12   meritorious.  Counsel is under absolutely no obligation to "follow petitioner's instructions" as

13   to what claims or arguments to present and how to present them.   Accordingly, presenting

14   the court with an alleged conflict between federal habeas counsel and petitioner based upon

15   a disagreement over how to pursue this case will not necessarily lead to an appointment of

16   replacement counsel.  Subject to the circumstances presented at the time, the court instead

17   could find that the interests of justice no longer warrant the continued appointment of any

18   counsel, based upon the premise that if petitioner has such an allegedly irreconcilable conflict

19   with one competent attorney, the situation is not likely to be different with another competent

20   attorney.  Counsel, again, is not being appointed to pursue claims that petitioner believes to

21   be meritorious but, instead, is being appointed to pursue claims that, in counsel's independent

22   professional judgment, have arguable merit. Competent federal habeas counsel may well not

23   pursue all of the claims, allegations and arguments in the current pleading.

24       Moreover, the court will not entertain *pro se* filings from petitioner when he is

25   represented by appointed counsel.  Following the appointment of counsel, petitioner may

26   pursue this matter and communicate with the court only through filings by counsel.

27       IT THEREFORE IS ORDERED that the clerk of court shall file the petition, which

28   currently is found at #3-1.

1    IT FURTHER IS ORDERED that the motion (#2) for appointment of counsel is

2    GRANTED. The counsel appointed shall represent petitioner in all proceedings related to this

3    matter, including any appeals or *certiorari* proceedings, unless allowed to withdraw.

4    IT FURTHER IS ORDERED that the federal public defender shall be provisionally

5    appointed as counsel and shall have thirty (30) days to undertake direct representation of

6    petitioner or to indicate an inability to do so.  If the federal public defender is unable to

7    represent petitioner, the court then shall appoint alternate counsel.  A deadline for the filing

8    of an amended petition will be set after counsel has entered an appearance.  The court

9    anticipates setting the deadline for one hundred twenty (120) days based upon the current

10   record, which does not establish any period of equitable or other tolling.  Federal habeas

11   counsel at all times remains responsible for calculating the federal limitation period and

12   proceeding accordingly, regardless of any scheduling order issued by the court.

13   IT FURTHER IS ORDERED that the motion (#1) for a stay is DENIED without

14   prejudice.

15   IT FURTHER IS ORDERED, with the state attorney general already having been

16   provided informal electronic service, that respondents' counsel shall enter a notice of

17   appearance within twenty (20) days of entry of this order, but no further response shall be

18   required from respondents until further order of this court.

19   The clerk accordingly shall send a copy of this order (together with an attachment with

20   #3-1) to the *pro se* petitioner, the state attorney general, the federal public defender, and the

21   CJA coordinator for this division.

22   DATED:  June 30, 2011.

23

24

25   _____
     JAMES C. MAHAN
26   United States District Judge

27

28

-3-