# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| ROBERT ANTHONY HIGH, | Case No. 2:11-cv-00891-APG-VCF |
| *Petitioner*, | |
| vs. | **ORDER** |
| DWIGHT NEVENS, *et al.*, | |
| *Respondents*. | |

This represented habeas matter comes before the Court for initial review of the counseled amended petition (Doc. #21) and notice (Doc. #45) declining further amendment following discovery. Following initial review, a response will be directed.

**IT THEREFORE IS ORDERED** that respondents shall have **sixty (60) days** from entry of this order within which to respond, including potentially by motion to dismiss, to the petition, as amended. **Any response filed shall comply with the remaining provisions below, which are tailored to this particular case based upon the Court's screening of the matter and which are entered pursuant to Habeas Rule 4.**

**IT FURTHER IS ORDERED** that any procedural defenses raised by respondents in this case shall be raised together in a single consolidated motion to dismiss. In other words, the Court does not wish to address any procedural defenses raised herein either in *seriatum* fashion in multiple successive motions to dismiss or embedded in the answer. Procedural defenses omitted from such motion to dismiss will be subject to potential waiver. Respondents shall not file a response in this case that

1  consolidates their procedural defenses, if any, with their response on the merits, except pursuant to 28
2  U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If respondents do seek
3  dismissal of unexhausted claims under § 2254(b)(2): (a) they shall do so within the single motion to
4  dismiss **not** in the answer; and (b) they shall specifically direct their argument to the standard for
5  dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005). In
6  short, no procedural defenses, including exhaustion, shall be included with the merits in an answer.
7  All procedural defenses, including exhaustion, instead must be raised by motion to dismiss.

8  **IT FURTHER IS ORDERED** that, in any answer filed on the merits, respondents shall
9  specifically cite to and address the applicable state court written decision and state court record
10 materials, if any, regarding each claim within the response as to that claim.

11 **IT FURTHER IS ORDERED** that petitioner shall have **thirty (30) days** from service of the
12 answer, motion to dismiss, or other response to file a reply or opposition.

13 **IT FURTHER IS ORDERED** that, absent extraordinary circumstances, any request for an
14 extension based upon scheduling conflicts between this case and other matters in this District shall be
15 sought in the later-filed case.[1]

16 DATED: April 3, 2014.

_____
ANDREW P. GORDON
United States District Judge

---

[1] This proviso does not constitute any reflection on the diligence of counsel. The Court has not been able to reach this matter as promptly as it would have preferred, and it is seeking to triage the case forward for a final resolution ahead of matters that have not been pending from inception for as long.