# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ROBERT ANTHONY HIGH,

    *Petitioner,*

vs.

DWIGHT NEVENS, et al.,

    *Respondents.*

2:11-cv-00891-APG-VCF

**ORDER**

This is petitioner's first amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, filed through counsel (Dkt. #21). Before the court is respondents' motion to dismiss (Dkt. #49). Petitioner opposed the motion (Dkt. #51), and respondents replied (Dkt. #55).

**I. Procedural History and Background**

On October 30, 2008, a jury found petitioner guilty of count 1: first-degree kidnapping; counts 2,3,4,6,7, and 10: lewdness with a child under age fourteen; count 5: sexual assault of a minor under age fourteen; and count 9: administration of a drug to aid commission of a felony; and not guilty of count 8: attempted lewdness with a child under age fourteen.[1] Exhs. 66-67.[2]

---

[1] The child is identified in the briefs and here as "S.S."

[2] Exhibits 1-182 were filed with petitioner's first amended petition (Dkt. #21) and may be found at Dkt. #s 22-29. Exhibits 183-184 were filed as supplemental exhibits to petitioner's first amended petition and may be found at Dkt. #46. Exhibit 185 was filed with respondents' motion to dismiss (Dkt. #49) and may be found at Dkt. #50.

On January 15, 2009, the state district court sentenced petitioner as follows: count 1: five years to life; counts 2, 3, 4, 6, 7, 10: ten years to life on each count, to run concurrently to each other and to count1; count 5: twenty years to life, consecutive to count 1; and count 9: sixteen to seventy-two months, to run concurrently with counts 1-7. Exh. 69 at 12-14. The court filed the judgment of conviction on January 27, 2009. Exh. 71.

Petitioner appealed. Exh. 73. The Nevada Supreme Court affirmed his convictions on February 3, 2010, and remittitur issued on March 2, 2010. Exhs. 94, 95.

On June 10, 2010, petitioner filed his first proper person state postconviction petition for writ of habeas corpus. Exh. 103. On September 16, 2010, the state district court orally denied the petition, and the court filed findings of fact, conclusions of law and order denying the petition on November 22, 2010. Exhs. 2, 112. The Nevada Supreme Court affirmed the denial of the first state postconviction petition on April 6, 2011, and remittitur issued on July 6, 2011. Exhs. 118, 123.

Meanwhile, on or about March 23, 2011, petitioner dispatched his first federal habeas petition. 2:11-cv-0454-JCM-LRL, Dkt. #1-1. On April 1, 2011, the district court dismissed the petition without prejudice as wholly unexhausted due to petitioner's pending appeal of the denial of his first state postconviction petition. 2:11-cv-0454-JCM-LRL, Dkt. #7. The court also denied petitioner's motion for stay and abeyance and denied a certificate of appealability. *Id.* at 2-3.

The Ninth Circuit granted petitioner a certificate of appealability on two issues:

> (1) [W]hether the district court improperly determined that the petition was wholly unexhausted, and, if not, (2) whether the district court has discretion to use the stay and abeyance procedure outlined in *Rhines v. Weber*, 544 U.S. 269 (2005), and *Pace v. DiGuglielmo*, 544 U.S. 408 (2005), to stay and hold in abeyance a habeas petition containing only unexhausted claims.

Case No. 11-16139, Dkt. #2-1 at 1.

Also before the Nevada Supreme Court affirmed the denial of the first state postconviction petition, petitioner filed a second proper person state postconviction petition on April 4, 2011. Exh. 116. The state district court denied the petition as untimely pursuant to NRS 34.726 and successive pursuant to NRS 34.810(1)(b)(2). Exh. 127. On April 11, 2012, the Nevada Supreme Court affirmed the denial of the second state postconviction petition as untimely and successive and an abuse of the

writ, and concluded that petitioner failed to demonstrate good cause to excuse the procedural bars. Exh. 134. Remittitur issued on May 8, 2012. Exh. 136.

Before the Nevada Supreme Court issued the order affirming the denial of the first state postconviction petition and while the second state postconviction petition was pending, petitioner dispatched the instant second federal petition on May 27, 2011 (Dkt. #7). The Ninth Circuit granted petitioner's motion to defer briefing on the appeal of his first federal petition pending resolution of his second federal petition. Case No. 11-16139, Dkt. #s 8, 9.

Petitioner filed a counseled amended federal petition on May 30, 2012 (Dkt. #21). The court granted petitioner's motion for leave to conduct discovery (Dkt. #s 32, 39). Following discovery, petitioner filed supplemental exhibits but did not further amend his petition (Dkt. #s 45, 46). Respondents now move to dismiss this petition, arguing that the claims are unexhausted and/or procedurally barred (Dkt. #49).

## II. Legal Standards

### A. Exhaustion

A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised. *Rose v. Lundy,* 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner must give the state courts a fair opportunity to act on each of his claims before he presents those claims in a federal habeas petition. *O'Sullivan v. Boerckel,* 526 U.S. 838, 844 (1999); *see also Duncan v. Henry,* 513 U.S. 364, 365 (1995). A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings. *See Casey v. Moore,* 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey,* 653 F.2d 374, 376 (9th Cir. 1981).

A habeas petitioner must "present the state courts with the same claim he urges upon the federal court." *Picard v. Connor,* 404 U.S. 270, 276 (1971). The federal constitutional implications of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion. *Ybarra v. Sumner,* 678 F. Supp. 1480, 1481 (D. Nev. 1988) (citing *Picard,* 404 U.S. at 276)). To achieve exhaustion, the state court must be "alerted to the fact that the prisoner [is] asserting claims under the United States Constitution" and given the opportunity to correct alleged violations of the prisoner's

federal rights. *Duncan v. Henry,* 513 U.S. 364, 365 (1995); see *Hiivala v. Wood,* 195 F.3d 1098, 1106 (9th Cir. 1999). It is well settled that 28 U.S.C. § 2254(b) "provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court." *Jiminez v. Rice,* 276 F.3d 478, 481 (9th Cir. 2001) (quoting *Rose v. Lundy,* 455 U.S. 509, 520 (1982)). "[G]eneral appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." *Hiivala v. Wood,* 195 F.3d 1098, 1106 (9th Cir. 1999) (citations omitted). However, citation to state caselaw that applies federal constitutional principles will suffice. *Peterson v. Lampert,* 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc).

A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal habeas claim is based. *Bland v. California Dept. Of Corrections,* 20 F.3d 1469, 1473 (9th Cir. 1994). The exhaustion requirement is not met when the petitioner presents to the federal court facts or evidence which place the claim in a significantly different posture than it was in the state courts, or where different facts are presented at the federal level to support the same theory. See *Nevius v. Sumner,* 852 F.2d 463, 470 (9th Cir. 1988); *Pappageorge v. Sumner,* 688 F.2d 1294, 1295 (9th Cir. 1982); *Johnstone v. Wolff,* 582 F. Supp. 455, 458 (D. Nev. 1984).

**B. Procedural Bar**

"Procedural default" refers to the situation where a petitioner in fact presented a claim to the state courts but the state courts disposed of the claim on procedural grounds, instead of on the merits. A federal court will not review a claim for habeas corpus relief if the decision of the state court regarding that claim rested on a state law ground that is independent of the federal question and adequate to support the judgment. *Coleman v. Thompson,* 501 U.S. 722, 730-31 (1991).

The *Coleman* Court stated the effect of a procedural default, as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman*, 501 U.S. at 750; *see also Murray v. Carrier*, 477 U.S. 478, 485 (1986). The procedural default doctrine ensures that the state's interest in correcting its own mistakes is respected in all federal habeas cases. *See Koerner v. Grigas,* 328 F.3d 1039, 1046 (9th Cir. 2003).

To demonstrate cause for a procedural default, the petitioner must be able to "show that some *objective factor external to the defense* impeded" his efforts to comply with the state procedural rule. *Murray*, 477 U.S. at 488 (emphasis added). For cause to exist, the external impediment must have prevented the petitioner from raising the claim. *See McCleskey v. Zant*, 499 U.S. 467, 497 (1991).

### III. Instant Petition

#### Ground 1

Petitioner alleges that his Sixth and Fourteenth Amendment rights to due process and a fair trial were violated when the prosecution repeatedly used improper arguments during closing arguments (Dkt. #21, p. 17).

#### Ground 1(A)

Petitioner claims that a comparison of the jury instructions with the State's closing arguments reveals that the prosecution was asking the jury to ignore the court's instructions and do justice for S.S. as they defined it by ignoring the seemingly unusual behavior of S.S.'s family and the Las Vegas Metropolitan Police Department ("Metro") crime laboratory's multiple failures and instead act independently out of "common sense." *Id.* at 19-21. Petitioner argues that the prosecution further asked the jury to graft a so-called "child's standard," which is nonexistent under Nevada law, onto the court's credibility instruction. *Id.* Petitioner asserts that such actions urged the jurors to create their own legal standard rather than apply the one the court provided, a practice commonly known as "jury nullification." *Id.* at 21.

Respondents argue that, while petitioner raised the Golden Rule claim in federal ground 1(B) on direct appeal, he did not claim that the prosecutor encouraged jury nullification or represented the case as being S.S. versus petitioner instead of the State versus petitioner (Dkt. #49, pp. 9-10). In petitioner's direct appeal, he quoted the same language from the prosecutor's closing arguments, urging the jury that S.S. should not be held responsible for the bad decisions of adults around her, for the mistakes of the Metro lab and that S.S. deserved the jury's application of their common sense.

Exh. 86 at 15; Dkt. #21 at 19. However, in the direct appeal this language is clearly cited in support of petitioner's assertion that the prosecutor committed misconduct by using a "Golden Rule" argument that asks jurors to put themselves in an alleged victim's shoes. Exh. 86 at 15-16. In his first state pro se habeas petition, petitioner claims that his Fifth, Sixth, and Fourteenth Amendment rights were violated when the prosecutor made several outrageous statements, including his statement in closing arguments: "And you promised me you'd hold her to a child's standard." Exh. 103 at 30, 32. Petitioner presents no other facts or argument regarding a child standard. In the federal claim, however, petitioner argues that the prosecutor used voir dire to begin the process of coercing jurors into accepting a more lenient standard for evaluating S.S.'s credibility, a so-called "child standard." He argues the prosecution ultimately urged the jury to graft such a standard onto the court's witness credibility instruction and thus use this jury-created legal standard rather than apply the court's standard, which encouraged jury nullification. The court has carefully reviewed the grounds presented to the Nevada Supreme Court with federal ground 1(A) and concludes that the instant ground does not present the same operative facts and legal theory that were presented to the state courts. *Bland*, 20 F.3d at 1473. While, in a single phrase in his first state postconviction petition, petitioner referred to a child's standard, the facts asserted in federal ground 1(A)–that the prosecution set out from voir dire to encourage the jury to apply it's own credibility standard and thereby engage in jury nullification–present different facts that place the claim in a significantly different posture than it was in the state courts. *See, e.g., Nevius,* 852 F.2d at 470. Accordingly, ground 1(A) is unexhausted.

**Ground 1(C)**

Petitioner claims that the prosecution improperly disparaged his defense as "smoke and mirrors" and that the State disparaged the integrity of the defense's forensic interview expert by suggesting that he had sold his opinions to the defense instead of testifying truthfully (Dkt. #21 at 21).

Respondents now concede that the claim that the prosecution disparaged the defense with comments such as "smoke and mirrors" is exhausted (Dkt. #55, p. 9). However, respondents are correct that, despite petitioner's general statement of exhaustion of ground 1, he did not raise the claim that the prosecution disparaged the integrity of the defense's forensic interview expert by suggesting that he sold his statements to the defense either on direct appeal or in his appeal to the Nevada

Supreme Court of the denial of his first state postconviction petition. Accordingly, the claim in ground 1(C) that the prosecution disparaged the integrity of the defense's forensic interview expert by suggesting that he sold his statements to the defense instead of testifying truthfully is unexhausted.

**Ground 2**

Petitioner claims that his Sixth and Fourteenth Amendment rights to effective assistance of counsel were violated when trial counsel failed to present expert testimony regarding the reliability of Metro's crime laboratory and its test results in this case and to effectively object to such evidence (Dkt. #21 at 22).

Petitioner argues that ground 2 was exhausted in grounds 11 and 13 of his first state postconviction petition (Dkt. #51, pp. 9-12). In ground 11 of the state petition, petitioner asserted trial counsel rendered ineffective assistance as follows:

> Trial counsel failed to object to the admittance of prosecution's mislabeled and contaminated DNA evidence.
>
> The DNA (saliva) evidence used at trial was contaminated due to mislabeling of the swabs by the Las Vegas Metropolitan Police Department.
>
> It was petitioner's own buccal swab labeled (JM-4) that was tested against his own chest swabs....
>
> Furthermore, there were other numerous mistakes with the labeling of other DNA swabs . . . .The State never retested any of the DNA. . . .
>
> Trial counsel's failure to object to the prosecutor having contaminated DNA evidence admitted into evidence . . . .

Exh. 103 at 39-40.

In ground 13 of the first state postconviction petition, petitioner asserted trial counsel rendered ineffective assistance:

> Trial counsel failed to call an expert in forensic science to prove that the DNA (saliva) could not be re-tested because of all the mislabeling errors which contaminated the entire DNA evidence.

Exh. 103 at 45.

The court agrees with respondents that the claims in federal ground 2 that trial counsel was ineffective for failing to present expert testimony as to the policies and procedures of Metro's crime laboratory were not presented to the Nevada Supreme Court, and therefore, that portion of ground 2

-7-

is unexhausted. The court concludes that the following portion of ground 2 is exhausted: trial counsel rendered ineffective assistance of counsel in violation of petitioner's Sixth and Fourteenth Amendment rights by failing to object to the following: the admittance of prosecution's mislabeled and contaminated DNA evidence, including that the DNA (saliva) evidence was contaminated due to mislabeling of the swabs by Metro, that it was petitioner's own buccal swab labeled (JM-4) that was tested against his own chest swabs, and that the State never retested any of the DNA; and also by failing to call an expert in forensic science to prove that the DNA (saliva) could not be re-tested because of all the mislabeling errors, which contaminated the entire DNA evidence.

The court further concludes that all other claims set forth in federal ground 2 are unexhausted.

**Ground 3**

Petitioner claims that there was insufficient evidence to support his convictions for kidnapping, sexual assault and lewdness (Dkt. #21, pp. 29-34).

Respondents argue that ground 3 is procedurally barred (Dkt. #49, pp. 18-19). They state that petitioner first raised this claim in his state postconviction petition (Exh. 103 at 19-25) and that the Nevada Supreme Court clearly and expressly invoked NRS 34.810 to affirm the denial of all claims other than ineffective assistance of counsel claims because they were reasonably available to be raised on direct appeal and petitioner failed to demonstrate good cause for his failure to do so. *Id.*; Exh. 118 at 2, n.2. Respondents contend that this state-law ground is an independent and adequate state law basis that bars this claim from review in this federal habeas proceeding (ECF #21, p. 14).

Under Nevada law, the court shall dismiss a state postconviction petition if petitioner was convicted pursuant to a jury trial and the claim could have been raised in a direct appeal. Petitioner bears the burden of proving good cause for his failure to present the claim and of proving actual prejudice. NRS 34.810(1)(b)(2). Here, the Nevada Supreme Court explicitly relied on NRS 34.810 when it declined to review the state habeas petition claim that corresponds to ground 3 of the federal habeas petition. Exh. 118 at 2, n.2. The Ninth Circuit Court of Appeals has held that, at least in non-capital cases, application of the procedural bar at issue in this case – NRS 34.810 – is an independent and adequate state ground. *Vang v. Nevada*, 329 F.3d 1069, 1073-75 (9th Cir. 2003); *see also Bargas v. Burns*, 179 F.3d 1207, 1210-12 (9th Cir. 1999).

Thus, the Nevada Supreme Court's holding that the claim raised here as federal ground 3 was procedurally defaulted under NRS 34.810(1)(b)(2) was an independent and adequate ground for the court's dismissal of that ground in the state postconviction petition. Federal habeas review of the claims is, therefore, barred unless petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750; *Murray*, 477 U.S. at 485.

In opposing the motion to dismiss, petitioner argues that, here, ineffective assistance of appellate counsel constitutes cause (Dkt. #51, pp. 25-26). Ineffective assistance of counsel may constitute cause for procedural default. *Murray*, 477 U.S. at 488-489. Under *Strickland v. Washington*, a petitioner must show that his counsel's performance was both unreasonably deficient and that the defense was actually prejudiced as a result of counsel's errors. 446 U.S. 668, 684 (1984). The *Strickland* standard also applies to claims of ineffective appellate counsel. *Smith v. Robbins*, 528 U.S. 259, 285 (2000). Appellate counsel has no constitutional duty to raise every non-frivolous issue requested by the client. *Jones v. Barnes*, 463 U.S. 745, 751-54 (1983). To state a claim of ineffective assistance of appellate counsel, a petitioner must demonstrate: (1) that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and (2) that the resulting prejudice was such that the omitted issue would have a reasonable probability of success on appeal. *Smith*, 528 U.S. at 285. "Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues." *Jones*, 463 U.S. at 751-52. Petitioner must show that his counsel unreasonably failed to discover and file nonfrivolous issues. *Delgado v. Lewis*, 223 F.3d 976, 980 (9th Cir. 2000). It is inappropriate to focus on what could have been done rather than focusing on the reasonableness of what counsel did. *Williams v. Woodford*, 384 F.3d 567, 616 (9th Cir. 2004) (citation omitted).

Here, petitioner argues that appellate counsel unreasonably failed to present several meritorious issues, including "the admissibility of insufficient evidence to convict, including inconsistent statements by the alleged victim" (Dkt. #51, p. 25). He states that the failure to raise this issue (among others) "engendered substantial prejudice because the failure worked to [petitioner's] actual and

substantial disadvantage." *Id.* at 26. These conclusory, general statements, however, provide no support for cause and prejudice. Petitioner has not even argued, let alone established, that the resulting "substantial" prejudice was such that the omitted issue would have had a reasonable probability of success on appeal. *Smith*, 528 U.S. at 285.

Petitioner also asserts that because he was denied counsel for his state postconviction petition, under *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), he may be able to demonstrate cause and prejudice for the default of this claim. Respondents correctly point out, however, that federal ground 3 is a substantive claim and raises neither ineffective assistance of trial counsel nor ineffective assistance of appellate counsel (Dkt. #55 p. 27). Therefore, *Martinez* and subsequent cases that discuss an equitable exception to the procedural default bar of certain claims of ineffective assistance of trial counsel raised for the first time in collateral proceedings are inapposite.

Accordingly, this court determines that the Nevada Supreme Court's holding that the claim raised here as federal ground 3 was procedurally barred under NRS 34.810(1)(b)(2) was an independent and adequate ground for the court's dismissal of that claim in the state postconviction petition. Further, petitioner has failed to demonstrate good cause and prejudice to overcome the procedural default. Thus, the court grants respondents' motion to dismiss ground 3 with prejudice as procedurally barred.

**Ground 4**

Petitioner claims that his twenty-five years to life sentence constitutes excessive punishment in violation of his Eighth and Fourteenth Amendment rights (Dkt. #21, pp. 34-35). He asserts that because S.S. had no injuries and his prior convictions were old and were for property crimes, that the sentence was excessive and grossly disproportionate to the crimes for which he was found guilty.

In his direct appeal, petitioner argued that his twenty years to life sentence for sexual assault violated his Eighth Amendment rights. He asserted that being sentenced to spend the rest of his life in prison for a single act of sexual assault, which did not cause bodily harm, let along substantial bodily harm, is cruel and unusual punishment in violation of the Eighth Amendment. Exh. 86 at 18-19.

Respondents argue that federal ground 4 alters the claim such that it is unexhausted (Dkt. #49, pp. 12-13). However, the court agrees with petitioner that the reference in the federal petition to petitioner's total sentence of twenty-five years to life does not fundamentally alter the claim because the essential factual and legal theory is the same as what was presented to the Nevada Supreme Court (Dkt. #51, p. 12). *See Robinson v. Chriro*, 595 F.3d 1086, 1102, n.14 (9th Cir. 2010) (citing *Picard v. Connor*, 404 U.S. 270, 278 (1971). Accordingly, ground 4 is exhausted.

**Ground 5**

Petitioner claims that appellate counsel, acting in disregard of a conflict of interest, performed deficiently in failing to include several meritorious claims in petitioner's direct appeal, in violation of his Sixth and Fourteenth Amendment rights to effective and conflict-free appellate counsel (Dkt. #21, pp. 35-36). Petitioner alleges that a conflict of interest existed because a Clark County Public Defender filed a motion to withdraw as trial counsel, which was granted. Petitioner did not waive the conflict. After conviction, the Clark County Public Defender's office was again appointed to represent petitioner, and appellate counsel failed to withdraw or secure a waiver of conflict. *Id.* at 36. Petitioner also claims that appellate counsel failed to have any contact with him during or regarding the appeal. He claims that appellate counsel unreasonably failed to present the following meritorious appellate issues to the Nevada Supreme Court: (1) the State's use of mislabeled, unreliable and contaminated DNA evidence; (2) the admissibility of insufficient evidence to convict, including inconsistent statements by the alleged victim; (3) sentencing petitioner for redundant convictions; and (4) court's failure to properly assess the alleged victim's competency to testify. *Id.*

The court agrees with respondents that petitioner failed to raise the appellate issue that he includes here in ground 5: that appellate counsel unreasonably failed to present the issue of the court's failure to properly assess the victim's competency to testify (*see* Dkt. #49, pp. 13-14). While petitioner points out that he raised the substantive claim in ground 17 of his first state postconviction petition (Dkt. #51, p. 13), he did not raise it as an ineffective assistance of counsel claim. Exh. 103 at 51. Thus, that portion of ground 5 is unexhausted. *Kelly v. Small*, 315 F.3d 1063, 1068 n.2 (9th Cir. 2003), overruled on other grounds by *Robbins v. Carey*, 481 F.3d 1143 (9th Cir. 2007) (petitioner must set forth ineffective assistance of counsel claim as an independent constitutional claim to provide state

court "full and fair opportunity" to act on it, rather than hoping the court would infer a Sixth Amendment claim).

However, the remaining claims in ground 5 were presented in grounds 21 and 22 of petitioner's first state postconviction petition, and therefore, the remaining claims in ground 5 are exhausted.

**Ground 6**

Petitioner claims that trial counsel rendered ineffective assistance in violation of his Sixth and Fourteenth Amendment rights when he failed to (1) object to prosecutorial misconduct in general and specifically as set forth in ground 1; and (2) move for an independent psychological examination of the alleged victim due to her inconsistent and unreliable statements (Dkt. #21, pp. 36-37).

Petitioner argues that he exhausted the claims in ground 6(1) by presenting them in his first state postconviction petition (Dkt. #21, p. 36). However, there he claimed only that "trial counsel failed to object to prosecutorial misconduct throughout trial." Exh. 103 at 50. The court agrees with respondents that petitioner did not incorporate what now constitutes the federal ground 6(1) specific substantive claims of prosecutorial misconduct in his first state postconviction ineffective assistance of counsel claims (Dkt. #55, p. 17). Accordingly, ground 6(1) is unexhausted.

With respect to ground 6(2), petitioner incorporates several specific allegations regarding the alleged victim's inconsistent statements from federal ground 3 (Dkt. #21, pp. 29-34). However, the court agrees with respondents that the only specific allegation that petitioner set forth in his first state postconviction is that trial counsel was ineffective for failing to move for an independent psychological examination of the alleged victim due to her inconsistent statements because when interviewed by Detective Twers on February 24, 2007, she told him that nothing happened and said "I don't remember." Exh. 103 at 42. Accordingly, that claim in ground 6(2) is exhausted, and the remaining claims in ground 6(2) are unexhausted.

**Ground 7**

Petitioner claims that the cumulative effect of errors raised on appeal and in this petition entitle him to habeas relief (Dkt. #21, p. 37). He points to ground 20 of his first state postconviction petition in support of his contention that federal ground 7 is exhausted. However, respondents are correct that ground 7 is only partially exhausted because several grounds or portions of grounds upon which

-12-

ground 7 relies are unexhausted. Accordingly, ground 7 is exhausted only to the extent that all or portions of grounds 1-6 are exhausted.

### IV. Petitioner's Options Regarding Unexhausted Claims

A federal court may not entertain a habeas petition unless the petitioner has exhausted available and adequate state court remedies with respect to all claims in the petition. *Rose v. Lundy*, 455 U.S. 509, 510 (1982). A "mixed" petition containing both exhausted and unexhausted claims is subject to dismissal. *Id.* In the instant case, the court finds that: ground 1(A) is unexhausted; portions of grounds 1(C), 2, 5, 6, and 7 are unexhausted; ground 3 is procedurally barred; and ground 4 is exhausted. Accordingly, this is a "mixed petition," containing both exhausted and unexhausted claims, and petitioner, through counsel, has these options:

1. He may submit a sworn declaration voluntarily abandoning the unexhausted claim in his federal habeas petition, and proceed only on the exhausted claims;

2. He may return to state court to exhaust his unexhausted claim, in which case his federal habeas petition will be denied without prejudice; or

3. He may file a motion asking this court to stay and abey his exhausted federal habeas claims while he returns to state court to exhaust his unexhausted claim.

With respect to the third option, a district court has discretion to stay a petition that it may validly consider on the merits. *Rhines v. Weber*, 544 U.S. 269, 276, (2005). The *Rhines* Court stated:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf.* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

*Rhines*, 544 U.S. at 277.

Accordingly, if petitioner files a motion for stay and abeyance, he would be required to show good cause for his failure to exhaust his unexhausted claims in state court, and to present argument regarding the question whether or not his unexhausted claims are plainly meritless. Respondent would then be granted an opportunity to respond, and petitioner to reply.

Petitioner's failure to choose any of the three options listed above, or seek other appropriate

-13-

relief from this court, will result in his federal habeas petition being dismissed. Petitioner is advised to consider the limitations periods for filing federal habeas petitions contained in 28 U.S.C. § 2244(d), as those limitations periods may have a direct and substantial effect on whatever choice he makes regarding his petition.

**V. Conclusion**

   **IT IS THEREFORE ORDERED** that respondents' motion to dismiss petitioner's first amended petition (Dkt. #49) is **GRANTED** in part and **DENIED** in part as follows:

   1. Ground 1(A) is **UNEXHAUSTED**.

   2. The claim in ground 1(C) that the prosecution disparaged the defense with comments such as "smoke and mirrors" is **EXHAUSTED**.

   3. The claim in ground 1(C) that the prosecution disparaged the integrity of the defense's forensic interview expert by suggesting that he had sold his opinions to the defense instead of testifying truthfully is **UNEXHAUSTED**.

   4. The following portion of ground 2: trial counsel rendered ineffective assistance of counsel in violation of petitioner's Sixth and Fourteenth Amendment rights by failing to object to the following: the admittance of prosecution's mislabeled and contaminated DNA evidence, including that the DNA (saliva) evidence was contaminated due to mislabeling of the swabs by Metro, that it was petitioner's own buccal swab labeled (JM-4) that was tested against his own chest swabs, and that the State never retested any of the DNA; and also by failing to call an expert in forensic science to prove that the DNA (saliva) could not be re-tested because of all the mislabeling errors, which contaminated the entire DNA evidence is **EXHAUSTED**.

   5. All other claims in ground 2 are **UNEXHAUSTED**.

   6. Ground 3 is **dismissed with prejudice as PROCEDURALLY BARRED**.

   7. Ground 4 is **EXHAUSTED**.

   8. The claim in ground 5 that appellate counsel unreasonably failed to present the issue of the court's failure to properly assess the victim's competency to testify is **UNEXHAUSTED**.

   9. All other claims in ground 5 are **EXHAUSTED**.

   10. Ground 6(1) is **UNEXHAUSTED**.

11. The claim in ground 6(2) that trial counsel was ineffective for failing to move for an independent psychological examination of the alleged victim due to her inconsistent statements because when interviewed by Detective Twers on February 24, 2007, she told him that nothing happened and said "I don't remember" is **EXHAUSTED**.

12. The remaining claims in ground 6(2) are **UNEXHAUSTED**.

13. Ground 7, a cumulative error claim, is **partially EXHAUSTED** only to the extent that all or portions of grounds 1-6 are exhausted.

**IT IS FURTHER ORDERED** that petitioner, through counsel, shall have **thirty (30) days** to either: **(1)** inform this court in a sworn declaration that he wishes to formally and forever abandon the unexhausted ground for relief in his federal habeas petition and proceed on the exhausted grounds; **OR (2)** inform this court in a sworn declaration that he wishes to dismiss this petition without prejudice in order to return to state court to exhaust his unexhausted claim; **OR (3)** file a motion for a stay and abeyance, asking this court to hold his exhausted claims in abeyance while he returns to state court to exhaust his unexhausted claim. If petitioner chooses to file a motion for a stay and abeyance, or seek other appropriate relief, respondents may respond to such motion as provided in Local Rule 7-2.

**IT IS FURTHER ORDERED** that if petitioner elects to abandon his unexhausted ground, respondents shall have **thirty (30) days** from the date petitioner serves his declaration of abandonment in which to file an answer to petitioner's remaining grounds for relief. The answer shall contain all substantive and procedural arguments as to all surviving grounds of the petition, and shall comply with Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254.

**IT IS FURTHER ORDERED** that petitioner shall have **thirty (30) days** following service of respondents' answer in which to file a reply.

**IT IS FURTHER ORDERED** that if petitioner fails to respond to this order within the time permitted, this case may be dismissed.

Dated: March 2, 2015.

_____
UNITED STATES DISTRICT JUDGE